IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EDUARDO SANCHEZ | § | |
| v. | § | CIVIL ACTION NO. 5:13cv2 |
| WARDEN DAWN GROUNDS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Eduardo Sanchez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in the case are Wardens Dawn Grounds and Jeffrey Calfee, officers James Powers, Frederick Gooden, Randy McBain, Norris Jordan, and Terrance Watt, and the Telford Unit grievance department.

Sanchez complained he and Officer Watt exchanged words on July 18, 2012, which Sanchez took to be "playing with him." At one point, Sanchez told Watt, "you win, I'll shut up," but Watt continued what he was doing. Eventually Watt and a lady officer conducted a search of Sanchez's cell and Watt "took out his anger" on Sanchez's property. Sanchez asked Watt if he "felt more like a man" after doing that, and Watt made a comment about taking Sanchez's property if he wanted to.

After Watt left, Sanchez received a disciplinary case for threatening an officer, which he says "shocked him." He was taken that day to F Pod to "start his punishment." A week later, he had a level review, which concluded he should "continue his punishment," even though he had not yet had

1

a disciplinary case. On July 26, 2012, Sanchez learned he had been denied a visit from his father by Warden Calfee.

When the disciplinary case was conducted, Sanchez complains the hearing officer, Captain Gooden, was biased and failed to consider the evidence, but simply "filled in the blanks on the form" and found Sanchez guilty. Sanchez wrote to Warden Grounds and Major Powers, but nothing was done.

Sanchez brought suit, raising seven legal issues. These are: (A) denial of due process; (B) false disciplinary case; (C) denial of visitation; (D) failure to investigate; (E) retaliation; (F) whether the Defendants are entitled to qualified immunity; and (G) objective reasonableness. The Defendants were served with process and filed a motion for summary judgment. Sanchez did not file a response *per se*, but filed a motion for summary judgment of his own. Both parties also supplied summary judgment evidence in support of their positions.

After review of the pleadings and competent summary judgment evidence, the Magistrate Judge issued a Report recommending the Defendants' motion for summary judgment be granted and the lawsuit dismissed with prejudice. Sanchez filed objections to the Report on January 15, 2014.

In his objections, Sanchez first asserts that the notice of the disciplinary charges he received was inadequate because it contradicted the offense report and because Watt admitted at the hearing that the words attributed to Sanchez in the report were not what Sanchez said, but what Watt implied.[1] The notice of hearing gave Sanchez ample notice of the charges against him and the opportunity to prepare a defense, as is constitutionally required. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). His contentions that a contradiction existed and that Watt did not say what the report alleged are not challenges to the sufficiency of the notice, but rather are challenges to the sufficiency of the evidence. This objection is without merit.

---

[1]The offense report carries the date of July 18, 2012, at 7:20 a.m., and says that at the time and date listed, at 12 Building 6 Section A Pod dayroom, Sanchez threatened to inflict harm on Watt in that Sanchez told Watt that "he was going to beat my bitch ass if he got a chance" and "he was coming back to the New Boston area and was going to kill me."

Second, Sanchez repeats his claim that he was "punished" by being moved off the pod and denied a visit before his disciplinary case was heard. He likens placement in pre-hearing detention to a person who has not been adjudged guilty of any crime and contends that punishment may only be imposed upon a finding of guilt. The summary judgment evidence shows Sanchez was reclassified from Administrative Segregation Level I to Level III after receiving the disciplinary case. As the Magistrate Judge determined, neither Sanchez's reclassification nor the fact he was denied a visit with his father implicated any constitutionally protected liberty interests. Although he argues the denial of the visit was an atypical and significant hardship in relation to the ordinary incidents of prison life, the Magistrate Judge properly determined that convicted inmates have no constitutional right to visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999). This objection is without merit.

Third, Sanchez complains of the Magistrate Judge's conclusion that he must show favorable termination of his disciplinary case in order to bring a claim based on the filing of an alleged false disciplinary infraction, absent an allegation of retaliation. Sanchez argues this is error because he is not seeking restoration of good time but only monetary damages. The Magistrate Judge accurately set out the law. In Woods v. Smith, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995), the Fifth Circuit held that "a prisoner must show favorable termination prior to bringing a §1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right." Because Sanchez has not shown the disciplinary case terminated in his favor, he cannot seek relief under §1983, including monetary damages, based solely on the filing of an alleged false disciplinary case. Nor did Sanchez show he was deprived of an adequate state procedural remedy with which to challenge the accusations. His objection on this point is without merit.

Fourth, Sanchez asserts he did not ask for "an investigation to his satisfaction," but complains that McBain, the investigating officer, did not write down his statement. He contends he is entitled to make a statement, but McBain wrote down "what he wanted to write and not what Sanchez said."

3

The Magistrate Judge correctly concluded that McBain's failure to conduct what Sanchez believed was a "proper investigation" did not amount to a constitutional deprivation. *See* Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). Sanchez was allowed to make a statement at the disciplinary hearing, which satisfies the constitutional requirement of "an opportunity to be heard." Wolff, 418 U.S. at 566. His objection on this point is without merit.

Fifth, turning to his retaliation claim, Sanchez asserts that the inmates in F Pod had no problems with hot water until he told Gooden and McBain he would be filing suit for abuse of power. He also complains of another disciplinary case which he received, on which he has filed a separate lawsuit, and that Gooden sent another officer to confiscate Sanchez's property on the false pretense that it had been altered when it had not. The summary judgment evidence, including documents furnished by Sanchez, show the problem with the hot water in F Pod concerned valves and the lack of a second water heater, and work orders were put in to correct these problems. The Magistrate Judge correctly determined that Sanchez's speculation that Gooden was retaliating against him is not sufficient to set out a constitutional claim.

Although Sanchez states the other disciplinary case he also received was retaliatory in nature, court records show that lawsuit was dismissed as lacking in merit and, more specifically, that he failed to set out a valid retaliation claim because he did not show he engaged in a constitutionally protected activity. Sanchez v. Allen, et al., civil action no. 5:13cv25 (E.D.Tex., dismissed October 29, 2013). This objection is without merit.

In an effort to support his retaliation claim, Sanchez alludes to an incident in which property was confiscated by Officer Peek, allegedly on Gooden's retaliatory orders. He makes no mention of this incident in his complaint or in his motion for summary judgment, but attaches as exhibits copies of grievances discussing it. In these grievances, Sanchez asserts that on January 12, 2012, his typewriter, radio, and fan were confiscated by Peek, and the property officer, Reed, could not return them because she was following Gooden's orders. The response to the grievance was that the property had been altered and there were no records showing Sanchez had ever purchased a

4

typewriter. Sanchez's Step Two grievance complains that Peek lied about his radio and says Gooden has a history of getting even with people who write grievances against him. The response to this grievance was that Sanchez was advised correctly at Step One and that there was no conclusive evidence of retaliation.

Sanchez has offered nothing beyond conclusory allegations made in a grievance to show that Peek took his property on orders from Gooden or that any such orders given by Gooden were retaliatory. The Fifth Circuit has held that "mere conclusory allegations" of retaliation are not sufficient. Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988); Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The Magistrate Judge properly determined Sanchez's retaliation claims lacked merit and his objections offer nothing to undermine this conclusion.

Sixth, Sanchez asserts he has "shown the conduct of all defendants violated established constitutional or statutory rights of which a reasonable prison official would have known and defendants' conduct was objectively unreasonable." He has made no such showing, as the Magistrate Judge made clear. The competent summary judgment evidence, when viewed in the light most favorable to Sanchez, shows that there are no disputed issues of fact and that the Defendants are entitled to judgment as a matter of law. Sanchez's objection on this point is without merit.

Finally, Sanchez complains it has long been "policy" for inmates to be punished without due process, again referring to his other lawsuit, despite the fact that this other lawsuit was dismissed as lacking merit. The Magistrate Judge properly found Sanchez's reclassification to Administrative Segregation Level III did not infringe upon any constitutionally protected liberty interests. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings and summary judgment evidence in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 27) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motions for summary judgment and supplemental summary judgment (docket no.'s 19 and 20) are hereby **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action, including but not limited to the Plaintiff's motion for summary judgment, are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 13th day of March, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE